IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

WADE JOHNSON; and MAL, INC.        )
                                   )   No. 3-11-0732
v.                                 )
                                   )
HDAV CORP.; PETER FISCHER; and     )
CRAIG SCHREIBER                    )

O R D E R

By contemporaneously entered order, the Court has approved and entered the parties' joint proposed management order, with modifications addressed at the initial case management conference held on September 19, 2011. Those modifications and other matters addressed on September 19, 2011, are as follows:

1. The defendants were given until October 3, 2010, to file a memorandum in support of their motion to dismiss (Docket Entry No. 12),[1] and an answer to the complaint.

On October 3, 2010, the defendants filed an answer (Docket Entry No. 19), and a memorandum in support (Docket Entry No. 18) of their motion to dismiss.

2. The plaintiffs were given until November 2, 2011, to file a response to the motion to dismiss, and the defendants were given 14 days from the filing of the response or until November 16, 2011, if the response is filed on November 2, 2011, to file a reply to the response, if necessary.[2]

---

[1] Although the Court suggested that the defendants simply withdraw their motion to dismiss, which had been filed on September 2, 2011, without an accompanying memorandum in support, with leave to refile the motion with a supporting memorandum, defendants' counsel expressed concern that they could be subject to a waiver of their grounds for dismissal in accord with Rule 12(h) of the Federal Rules of Civil Procedure. It appears, however, the defendants' motion asserts that the complaint fails to state a claim under Rule 12(b)(6), which is not included in Rule 12(h).

[2] On October 4, 2011, the parties filed an agreed order proposing to extend the deadline for plaintiffs' response to defendants' motion to dismiss to October 26, 2011. However, on September 19, 2011, the Court gave the plaintiffs until November 2, 2011, to file a response, so the Court has not entered the parties' agreed order.

No other filings in support of or in opposition to the defendants' pending motion to dismiss shall be made except with the express permission of Chief Judge Campbell.

3. The plaintiffs agreed to and were directed to relay a settlement demand to the defendants by September 21, 2011, to which the defendants were to respond by September 27, 2011, after which the parties were to continue any appropriate settlement negotiations.

4. Counsel for the parties shall convene a telephone conference call with the Court on **Thursday, October 13, 2011, at 12:00 noon,** to be initiated by plaintiffs' counsel, to address the status of settlement discussions, the propriety of ADR, and any other appropriate matters.[3]

5. All written discovery shall be completed by January 17, 2012. That means that written discovery shall be served in sufficient time so that responses will be in hand by January 17, 2012.

6. The parties shall have until January 23, 2012, to file any discovery motion relating to written discovery and/or any other discovery completed to that point.

7. The parties anticipate little discovery of electronically stored information. Therefore, are therefore exempted from the provisions of Administrative Order No. 174, entitled "Default Standard for Discovery of Electronically Stored Information ('E-Discovery')," entered July 9, 2007.

However, plaintiffs' counsel raised a concern that issues related to piercing the corporate veil could implicate discovery of electronically stored information. If that develops, counsel for the parties shall attempt to agree upon an ESI protocol and, if unable to agree, shall schedule a conference call with the Magistrate Judge to address any disputes.

8. Any motions to amend the pleadings shall be filed by January 23, 2012.

9. The plaintiffs shall have until April 2, 2012, to serve expert disclosures in accord with Rule 26(a)(2) of the Federal Rules of Civil Procedure, and the defendant shall have until May 1, 2012, to serve Rule 26(a)(2) expert disclosures.

---

[3] A settlement conference is tentatively scheduled on January 20, 2012, in the event the parties determine that a settlement conference would be necessary and productive.

10. Any rebuttal expert disclosures shall be served by June 1, 2012.

11. All expert depositions shall be completed by June 29, 2012.

12. Any dispositive motion shall be filed by July 16, 2012. Any response shall be filed within 30 days of the filing of the motion or by August 15, 2012, if the motion is filed on July 16, 2012. Any reply, if necessary, shall be filed within 14 days of the filing of the motion or by August 29, 2012, if the response is filed on August 15, 2012.

No other filings in support of or in opposition to any dispositive motion shall be made except with the express permission of the Honorable Todd J. Campbell, Chief Judge.

No party shall file more than one Rule 12 motion to dismiss or more than one Rule 56 motion for summary judgment without leave of Chief Judge Campbell.

There shall be no stay of discovery before the March 1, 2012, deadline for completion of fact discovery or the June 29, 2012, deadline for completion of expert discovery even if a dispositive motion is filed prior thereto.

13. The pretrial conference, the trial, and the parties' obligations prior to the pretrial conference will be set forth by separately entered order.

Based on the above schedule, it is recommended that a jury trial be scheduled no earlier than December 4, 2012. The parties anticipate that the trial will last 2-3 days.

It is so ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge